IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS STEFONE MCNEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-165-MHT-JTA |
| | ) | |
| EXETER FINANCE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the Amended Motion for Remand[1] filed by *pro se* Plaintiff Marcus Stefone McNeal. (Doc. No. 7.) For the reasons stated below, it is the Recommendation of the Magistrate Judge that the motion be DENIED.

**I.     JURISDICTION AND VENUE**

As will be discussed further in this Recommendation, this court has subject matter jurisdiction over this action based on federal question jurisdiction, as at least one of Plaintiff's causes of action arises under the Constitution and laws of the United States. 28 U.S.C. § 1331. The court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

Venue and personal jurisdiction appear proper and are not contested. This action has been referred to the undersigned pursuant to 28 U.S.C. § 636 "for consideration and

---

[1] Despite its title, the motion is Plaintiff's first and only motion to remand.

disposition or recommendation on all pretrial matters as may be appropriate." (Doc. No. 4.)

## II.   STANDARD OF REVIEW

Subject matter jurisdiction is the power of the court to hear a class of cases, which is conferred by statute. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503, 513 (2006). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685 … (1946). [He] invokes § 1332 jurisdiction when [he] presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* § 1332(a).

*Arbaugh*, 546 U.S. at 513 (footnote omitted).

"Congress has empowered federal courts to hear cases removed by a defendant from state to federal court if the plaintiff could have brought the claims in federal court originally." *Jones v. Deleon*, No. 2:21-CV-46-WKW, 2021 WL 1115279, at *1 (M.D. Ala. Mar. 23, 2021) (citing 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Thus, "[a]bsent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar*, 482 U.S. at 392. To determine whether a complaint presents a claim over which federal question jurisdiction exists, the court applies the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a

2

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. (citing *Gully v. First National Bank*, 299 U.S. 109, 112–113 (1936)). That is, under the "well-pleaded complaint" rule, a claim in the complaint does not give rise to federal question jurisdiction unless that claim itself arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *Conn. State Dental Ass'n v. Anthem Health Plans, Inc*., 591 F.3d 1337, 1343 (11th Cir. 2009) ("'As a general rule, a case arises under federal law only if it is federal law that creates the cause of action.'" (quoting *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996))). Thus, normally, "a case may *not* be removed to federal court on the basis of a federal defense … even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 392 (emphasis in original).

Complete preemption, however, is a well-recognized exception to the well-pleaded complaint rule. "Complete preemption occurs in the rare instance that Congress so "'completely pre-empt[s] a particular area [of law] that any civil complaint" asserting a claim arising in that area of law "is necessarily federal in character.'" *Pruitt v. Hansen & Adkins, Inc*., 681 F. Supp. 3d 1242, 1247 (M.D. Ala. 2023) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 67 (1987)).

"On a motion to remand, the removing party bears the burden of proving that removal jurisdiction is proper," and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Jones*, 2021 WL 1115279, at *1 (citing *Scimone v.*

*Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013); *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012)).

### III.   DISCUSSION

On January 30, 2024, Plaintiff filed his complaint in the Circuit Court of Montgomery County, Alabama, against Defendant Exeter Finance, LLC, "alleging multiple violations of state and federal laws via the formation of an unlawful contract titled 'Retail Installment Sale Contract-Simple Finances Charge (with arbitration provision).'" (Doc. No. 1-1 at 3.) On March 14, 2024, Defendant removed the case to this court, alleging that removal was warranted based on federal question jurisdiction. (Doc. No. 1.) On March 19, 2024, Plaintiff filed his motion to remand, arguing that diversity jurisdiction is lacking. (Doc. No 7.) Defendant filed a brief in opposition to the motion to remand, and Plaintiff filed a reply in support of the motion. (Docs. No. 13, 14.) The motion is under submission and ready for disposition.

In his complaint, Plaintiff cites 12 U.S.C. § 86 and alleges that Defendant violated that code section.[2] Section 86 provides for recovery of a penalty in cases in

---

[2] Plaintiff also alleges that Defendant violated and 9 U.S.C. § 402. Section 402 does not create a federal cause of action, but merely provides that predispute arbitration agreements are unenforceable "with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." 9 U.S.C. § 402(a).  As far as can be gleaned from the allegations of the complaint, this case arises out of a contract dispute over an automobile loan, not a sexual assault or sexual harassment incident.

4

which the defendant knowingly charged a usurious interest rate greater than that allowed under 12 U.S.C. § 85. Specifically, Plaintiff alleges the following facts:

> Exeter Finance LLC has Violated U.S. Code § 86 – Usurious interest, penalty for taking; limitations …
>
> …
>
> [w]ith their APR of 28% on Retail Installment Contract with a finance charge of $22,456.36 for financing the amount of $20,447.00 with a total payment of $42,902.36 and a total sale price of $45,153.36 including a down payment of $2,250.00 and a monthly payment of $595.88 on a 2021 KIA Forte MT FE [VIN number redacted].

(Doc. No. 1-1 at 4-5 (sic).)

Thus, it is apparent from the allegations of Plaintiff's complaint, and from Plaintiff's citation to § 86, that Plaintiff is alleging Defendant charged excessive interest in violation of federal law – specifically, 12 U.S.C. §§ 85-86.

In *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 3 (2003), the Supreme Court held as follows:

> The question in this case is whether an action filed in a state court to recover damages from a national bank for allegedly charging excessive interest in violation of both "the common law usury doctrine" and an Alabama usury statute may be removed to a federal court because it actually arises under federal law. We hold that it may.

*Id*. at 3-4. The Court noted that "Count IV of respondents' complaint sought relief for 'usury violations' and claimed that petitioners 'charged ... excessive interest in violation of the common law usury doctrine' and violated 'Alabama Code § 8–8–1, *et seq*. by charging excessive interest.'" *Id*. at 9. Applying the complete preemption doctrine, the

5

court held that, "[b]ecause [12 U.S.C.] §§ 85 and 86 provide the exclusive cause of action for such claims, there is, in short, no such thing as a state-law claim of usury against a national bank." *Id*. at 11. Therefore, the plaintiffs' "cause of action against national banks only ar[ose] under federal law and could, therefore, be removed under § 1441." *Id*.

Here, the allegations of Plaintiff's complaint expressly demonstrate that he is seeking to recover damages on a claim brought pursuant to 12 U.S.C. §§ 85-86. *Anderson* makes clear that actions arising under those statutes are removable pursuant to federal question jurisdiction. *Ergo*, this court has federal question jurisdiction over Plaintiff's claims seeking recovery for alleged violations of §§ 85 and 86, and removal is proper.

Plaintiff also asserts a state law claim for recission and other relief under Alabama's version of the Uniform Commercial Code. *See* Ala. Code 1975 § 7-2-302 (providing that a "court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result" if the court "finds the contract or any clause of the contract to have been unconscionable at the time it was made"). Additionally, Plaintiff asserts violations of Alabama anti-usury

laws.³ As to Plaintiff's state law claims, supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367(a).

In opposition to the motion to remand, Plaintiff protests that diversity jurisdiction is lacking. (Doc. No. 14.) Because the propriety of removal is premised on federal question jurisdiction, not diversity jurisdiction, Plaintiff's arguments on this point are a *non sequitur* and need not be further addressed. The undersigned notes, however, that Plaintiff does not deny that he asserts claims arising under federal law.

## IV.   CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that Plaintiff's motion to remand (Doc. No. 7) be DENIED.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **September 3, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection

---

³ The court need not determine at this time whether Defendant is a national bank subject to the National Banking Act, 12 U.S.C. §§ 85-86, or, if so, whether Plaintiff's state law usury claims against Defendant are completely preempted pursuant to *Anderson*. It is sufficient for now that, either way, removal jurisdiction is proper because, on the face of the complaint, Plaintiff alleges that Defendant is subject to – and liable to Plaintiff for violating – the National Bank Act's anti-usury provisions. *See Caterpillar*, 482 U.S. at 392 (holding that, generally, to determine whether a complaint presents a claim over which federal question jurisdiction exists, the court must apply the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (citing *Gully v. First National Bank*, 299 U.S. 109, 112–113 (1936))). *But see Anderson*, 539 U.S. at 10 (holding that 12 U.S.C. §§ 85 and 86 possess the "requisite pre-emptive force to provide removal jurisdiction" because they "supersede both the substantive and remedial provisions of state usury laws and create a federal remedy for overcharges that is exclusive, even when a state complainant … relies entirely on state law").

is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 19th day of August, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE