IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS STEFONE MCNEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-165-MHT-JTA |
| | ) | |
| EXETER FINANCE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is the Motion to Dismiss filed by Defendant Exeter Finance, LLC. (Doc. No. 10.) For the reasons stated below, the undersigned recommends that the motion be granted in part and denied in part. Further, the undersigned recommends that this action be referred back to the undersigned pursuant to 28 U.S.C. § 636 for consideration and disposition or recommendation on all pretrial matters as may be appropriate, including the entry of an order directing Plaintiff to file an amended complaint.

## I.    JURISDICTION AND VENUE

This court has subject matter jurisdiction over this action based on federal question jurisdiction, as at least one of Plaintiff's causes of action arises under the Constitution and laws of the United States. 28 U.S.C. § 1331. The court also may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

Venue and personal jurisdiction appear proper and are not contested. This action has been referred to the undersigned pursuant to 28 U.S.C. § 636 "for consideration and

1

disposition or recommendation on all pretrial matters as may be appropriate." (Doc. No. 4.)

## II.    STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed*, *Inc*., 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

Because it is not drafted by an attorney, the complaint of a *pro se* plaintiff must be liberally construed. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft*, 556 U.S. at 678, and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Hopkins v. St. Lucie Cty. Sch. Bd*., 399 F. App'x 563, 565 (11th Cir. 2010) ("While the pleadings of *pro se* litigants are liberally construed, they must still comply with

procedural rules governing the proper form of pleadings." (internal citations and quotation marks omitted)). The complaint's factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson*, 551 U.S. at 93 (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678; *see also Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Moreover, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. CIV.A. 2:10CV826, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)), *report and recommendation adopted*, No. 2:10CV826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011).

Generally, prior to dismissal of a *pro se* complaint for failure to state a claim upon which relief can be granted, the plaintiff must be afforded "at least one" opportunity to amend the complaint if (1) the plaintiff does not clearly indicate a lack of desire to amend and (2) a more carefully drafted amended complaint might, with more specific allegations against the proper defendant, state a claim upon which relief could be granted. *Woldeab v. Dekalb Cnty. Bd. of Educ*., 885 F.3d 1289, 1291 (11th Cir. 2018) (citing *Bank v. Pitt*, 928

3

F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank* only as to plaintiffs who are represented by attorneys). "In some situations, further leniency – or 'an extra dose of grace' – may be warranted 'in recognition of the difficulty in proceeding *pro se*.'" *Grant v. Sheriff of Okeechobee Cnty.*, No. 22-11820, 2023 WL 2416262, at *4 (11th Cir. Mar. 9, 2023) (unpublished opinion) (quoting *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132–33 (11th Cir. 2019)).

## III.   PROCEDURAL HISTORY

On January 30, 2024, Plaintiff filed his complaint in the Circuit Court of Montgomery County, Alabama, against Defendant Exeter Finance, LLC, "alleging multiple violations of state and federal laws via the formation of an unlawful contract titled 'Retail Installment Sale Contract-Simple Finances Charge (with arbitration provision).'" (Doc. No. 1-1 at 3.) On March 14, 2024, Defendant removed the case to this court, alleging that removal was warranted based on federal question jurisdiction. (Doc. No. 1.)

In the complaint, Plaintiff asserts four causes of action. First, Plaintiff asserts a state law claim for recission of an automobile financing contract and other relief under Alabama's version of the Uniform Commercial Code.[1] Second, Plaintiff asserts violations

---

[1] In his complaint, Plaintiff cites U.C.C. § 2-302. Alabama's statute adopting that section of the Uniform Commercial Code is Ala. Code 1975 § 7-2-302, which provides that a "court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result" if the court "finds the contract or any clause of the contract to have been unconscionable at the time it was made."

of anti-usury provisions of the National Bank Act, 12 U.S.C. §§ 85-86. Third, Plaintiff alleges Defendant violated Alabama statutory anti-usury laws. Fourth, Plaintiff alleges a violation of 9 U.S.C. § 402. Plaintiff seeks nullification and recission of the financing contract, restoration of his payments, repossession of the vehicle by Defendant, removal of the financing contract from his credit history report, and punitive damages.

On March 20, 2024, Defendant filed a motion to dismiss. (Doc. No 10.) Plaintiff filed a brief in opposition to the motion, Defendant filed a reply in support of the motion, and Plaintiff filed a surreply brief. (Docs. No. 11, 16, 17.) The motion is under submission and ready for disposition.

## IV.    DISCUSSION

A.    Plaintiff's Federal Law Claims

    1.    Defendant Is Not Entitled to Dismissal of Plaintiff's National Bank Act Claim

Plaintiff alleges Defendant violated the National Bank Act,[2] 12 U.S.C. § 86, by charging usurious interest. In full, § 86 provides as follows:

> The taking, receiving, reserving, or charging a rate of interest greater than is allowed by section 85 of this title, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: *Provided*, That such action is

---

[2] The court need not determine at this time whether Defendant is a national bank subject to the National Banking Act, 12 U.S.C. §§ 85-86, or, if so, whether Plaintiff's state law usury claims against Defendant are completely preempted pursuant to *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003).

commenced within two years from the time the usurious transaction occurred.

12 U.S.C. § 86 (emphasis in original).

As Defendants point out, a plaintiff who seeks to recover under § 86 must bring the action "within two years of the allegedly usurious transaction." *Akiki v. Bank of Am., N.A.*, 632 F. App'x 965, 970 (11th Cir. 2015) (citing § 86). Defendant argues that the statute of limitations has run because the date on which the vehicle purchase was allegedly completed (May 20, 2021) occurred more than two years before the filing of this action. (Doc. No. 10 at 8.) However, Defendant does not cite authority supporting its contention that the "time of the usurious transaction," § 86, is equivalent to the date on which the automobile sale was completed. *But see*, *e.g.*, *McCarthy v. First Nat. Bank*, 223 U.S. 493, 498 (1912) (holding that an action brought more than two years after a debt was created was not time-barred because "the statute begins to run from the date of the payment of the usurious interest"); *First Nat'l Bank of Birmingham v. Daniel*, 239 F.2d 801, 804 (5th Cir. 1956)[3] ("[T]he Statute of Limitations begins to run upon the payment of interest." (citing *McCarthy*, 223 U.S. at 493)); *see also Endres v. Wells Fargo Bank*, No. C 06-7019 PJH, 2008 WL 344204, at *7 (N.D. Cal. Feb. 6, 2008) ("[A]ctions for violation of § 85 of the National Banking Act must be 'commenced within two years from the time the usurious

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

transaction occurred.' 12 U.S.C. § 86. The 'transaction' at issue is the actual payment of the challenged interest.").

Because Defendant's argument regarding the applicability of the statute of limitations to Plaintiff's National Banking Act claim is underdeveloped, Defendant is not entitled to dismissal of this claim at this time.[4] *See McCall Est. of McCall v. SSC Montgomery S. Haven Operating Co., LLC*, No. 2:14-CV-588-MHT-PWG, 2015 WL 13603823, at *5 (M.D. Ala. Aug. 6, 2015) ("In keeping with the maxim that 'the onus is upon the parties to formulate arguments,' the motion to dismiss is due to be denied. (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)).

    2.    Plaintiff's Claim Pursuant to 9 U.S.C. § 402 Is Due to Be Dismissed.

Plaintiff alleges that Defendant violated 9 U.S.C. § 402. As Defendants point out, by its terms, § 402 does not create a federal cause of action. It is merely a provision of the Federal Arbitration Act[5] regarding the unenforceability of any predispute arbitration agreement "with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." 9 U.S.C. § 402(a). Further, § 402 is wholly inapposite to this case, which arises out of a contract dispute over an automobile loan, not a sexual assault or sexual harassment incident. Plaintiff has not

---

[4] This recommendation is without prejudice to Defendant to raise a statute-of-limitations defense in response to an amended complaint.

[5] As Plaintiff's own filings illustrate, Plaintiff is not seeking relief under the Federal Arbitration Act. (Docs. No. 5, 15.)

countered Defendant's argument on these points. Accordingly, Defendant's motion to dismiss is due to be granted on this claim.

B.     Plaintiff's State Law Claims

1.     Plaintiff's State Law Usury Claims Are Due to Be Dismissed.

Plaintiff alleges that Defendants violated Ala. Code 1975 § 8-8-1, which provides a maximum interest rate "except as otherwise provided by law." Ala. Code 1975 § 8-8-1 ("Except as otherwise provided by law, the maximum rate of interest upon the loan or forbearance of money, goods, or things in action, except by written contract is $6 upon $100 for one year, and the rate of interest by written contract is not to exceed $8 upon $100 for one year and at that rate for a greater or less sum or for a longer or shorter time.") However, what protection Alabama affords consumers under § 8-8-1, it takes back in the case of transactions for loans in excess of $2,000:

> (a) Any person or persons, corporations, trust, general partnership or partnerships, limited partnership or partnerships, or association may agree to pay such rate or rates of interest for the loan or forbearance of money and for any credit sales as such person, corporation, trust, general partnership, limited partnership, or association may determine, notwithstanding any law of this state otherwise prescribing or limiting such rate or rates of interest; provided, that the original principal balance of the loan or forbearance of money or credit sales is not less than $2,000; provided further, that all laws relating to unconscionability in consumer transactions including but not limited to the provisions of Chapter 19 of Title 5, known as the Mini-Code, shall apply to transactions covered by this section.

> (b) As to any such loan or forbearance of money or credit sales made in compliance with subsection (a) of this section, neither such person, corporation, trust, general partnership, limited partnership, or association, nor their heirs, successors, or assigns, nor any surety, guarantor, endorser, or any other person, firm, partnership, association, trust, or corporation which may become liable, in whole or in part, for the payment of the debt and interest agreed to be paid thereon in accordance with the terms hereof, or any

extension, amendment, or renewal thereof, may raise or claim the defense or benefit of the usury laws or any other law prescribing, regulating, or limiting such rate or rates of interest.

Ala. Code § 8-8-5(a)-(b).

According to the allegations of the complaint, the principal balance on the automobile loan exceeded $2,000.00 at the time of purchase. (Doc. No. 1-1 at 5.) Accordingly, Plaintiff's Alabama law claim for usury is due to be dismissed as a matter of law. *Williams v. E.F. Hutton Mortg. Corp.*, 555 So. 2d 158, 160 (Ala. 1989) ("[Section] 8-8-5 precludes an action for excess finance charges on a loan of $2,000 or more ….").

2.    Plaintiff Is Entitled to An Opportunity to Amend His Unconscionability Claim.

Defendant argues that Plaintiff's state law claim for unconscionability is due to be dismissed because Plaintiff's complaint lacks sufficient factual allegations to sustain such a claim. Generally, prior to dismissal of a *pro se* complaint for failure to state a claim upon which relief can be granted, the plaintiff must be afforded "at least one" opportunity to amend the complaint if (1) the plaintiff does not clearly indicate a lack of desire to amend and (2) a more carefully drafted amended complaint might, with more specific allegations against the proper defendant, state a claim upon which relief could be granted. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank* only as to plaintiffs who are represented by attorneys). Upon review of the complaint, the

undersigned concludes that Plaintiff should be granted an opportunity to more fully state the unconscionability claim.

Defendant further argues that, if Plaintiff's unconscionability claim is allowed to stand, Plaintiff is not entitled to any damages under that claim. Plaintiff is, however, entitled to equitable remedies under Alabama's version of the Uniform Commercial Code. *See* Ala. Code 1975 § 7-2-302 (providing that a "court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result" if the court "finds the contract or any clause of the contract to have been unconscionable at the time it was made"). Though Defendant cites case law to the effect that the unconscionability statute "was not intended to create a cause of action, and cannot be used as a basis for damages in the instant case," *Cowin Equip. Co. v. Gen. Motors Corp.*, 734 F.2d 1581, 1582 (11th Cir. 1984), Defendant has not cited authority to the effect that Plaintiff is unable to obtain declaratory or equitable relief under the statute. In fact, Defendant concedes that, "to the extent the Court should allow any claim for unconscionability to remain … any recovery should be limited to rescission and any claim for damages should be dismissed." (Doc. No. 16 at 7.) Thus, the unavailability of damages is not necessarily fatal to Plaintiff's ability to seek relief from an unconscionable contract under Alabama law.

Therefore, the undersigned concludes that Plaintiff's state law claim for relief from an unconscionable contract should be dismissed and that Plaintiff should be allowed to

restate the complaint to properly plead a claim for declaratory or equitable relief in light of Ala. Code 1975 § 7-2-302, if such a claim can be made.[6]

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that Defendant's motion to dismiss (Doc. No. 10) be granted in part and denied in part as follows:

1.    The motion be denied as to Plaintiff's claim pursuant to 12 U.S.C. § 86.

2.    The motion be granted as to Plaintiff's claim pursuant to 9 U.S.C. § 402.

3.    The motion be granted as to Plaintiff's state law usury claims.

4.    The motion be granted as to Plaintiff's claim pursuant to Ala. Code 1975 § 7-2-302 for relief from an unconscionable contract, without prejudice to Plaintiff to restate this claim in an amended complaint.

Further, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that this action be referred back to the undersigned pursuant to 28 U.S.C. § 636 for consideration and disposition or recommendation on all pretrial matters as may be appropriate, including the entry of an order directing Plaintiff to file an amended complaint.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **September 3, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made;

---

[6] This recommendation does not preclude Defendant from raising the same arguments in response to the amended complaint.

frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 19th day of August, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE